IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW KEVIN PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-0741-MJR-PMF |
| | ) | |
| CARPENTERS' DISTRICT COUNCIL OF | ) | |
| GREATER ST. LOUIS AND VICINITY and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | |
| CARPENTERS' DISTRICT COUNCIL OF | ) | |
| GREATER ST. LOUIS AND VICINITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER VACATING PRELIMINARY INJUNCTION AND ISSUING PERMANENT INJUNCTION

REAGAN, District Judge:

In September 2010, Andrew Price filed suit in this District Court alleging, inter alia, infringement of his free speech rights and violation of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 411-415. With his complaint, Price filed a motion seeking a temporary restraining order and preliminary injunction. In a detailed Order entered October 8, 2010, the undersigned Judge granted the motion for preliminary injunction under Federal Rule of Civil Procedure 65(d)(2)(3). The case was assigned a track, a discovery schedule was issued, and a jury trial was set. Settlement negotiations also commenced.

The parties having fully settled this case and resolved all issues raised herein, and the undersigned Judge finding good cause to enter the agreed Order and

1

Consent Judgment proposed by the parties, the Court **GRANTS** the March 15, 2011 Joint Motion (Doc. 38) as below-described.

The Court **vacates** the preliminary injunction issued in this case on October 8, 2010 (Doc. 22). Pursuant to Federal Rule of Civil Procedure 65, the Court issues a permanent injunction as follows.

**Defendants and any person in active concert or participation with Defendants are hereby ENJOINED from**:

(1) Further processing the internal union charge brought against Plaintiff on August 10, 2010, to include, but not limited to, pursuit of that charge to trial;

(2) Processing or threatening to process any charges or to impose discipline against Plaintiff or other District Council members for displaying anti-Local 57 stickers or expressing opposition to Local 57, to include the rescission of any discipline previously assessed against District Council members for displaying anti-Local 57 stickers and the reimbursement of any fines or appeals fees paid in connection with such discipline; and

(3) Retaliating against Plaintiff or any other District Council member for expressing opposition to Local 57 or pursuing the instant action.

This Court **retains jurisdiction** to entertain motions that may be filed by the parties seeking the enforcement, modification or vacation of this injunction.

Pursuant to Federal Rule of Civil Procedure 60(b)(5), on motion by any one of the parties, the Court may vacate this permanent injunction upon a showing that it is no longer equitable that it have prospective application. The passage of time may be considered by the Court in determining whether to grant a motion to vacate.

The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendants. Each party shall bear his/its own costs, unless otherwise provided in the parties' settlement agreement.

IT IS SO ORDERED.

DATED March 17, 2011.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge